```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER WEST,

                         Plaintiff,              06-CV-6433T

            v.                                   DECISION
                                                 and ORDER
NEXPRESS SOLUTIONS, INC., EASTMAN KODAK
COMPANY, and NEXPRESS SOLUTIONS, INC.
SEVERANCE BENEFIT PLAN,

                         Defendants.
_____
```

INTRODUCTION

Plaintiff Jennifer West ("West"), a former employee of defendants NexPress Solutions ("NexPress") and Eastman Kodak Company ("Kodak") brings this action pursuant to the Employee Retirement Income Security Act of 1974, ("ERISA"), claiming that the defendants have improperly denied her severance benefits. Specifically, plaintiff claims that upon the termination of her employment from NexPress, a wholly owned subsidiary of Kodak, she was not credited with 19 years of employment with Kodak, and instead, was paid benefits based only on 5 years of employment with NexPress. While West received payment equivalent to two weeks of salary for every year of her employment with NexPress, she contends that she is entitled to and additional payment of 2 weeks salary for each of the 19 years she was employed by Kodak.

Defendants claim that West is entitled to severance benefits based only on her employment with NexPress. In support of this

contention, defendants argue that because West voluntarily left employment with Kodak in April of 1998, and worked for over one year at another company before being hired at NexPress, she had a break in service, and therefore is not entitled to benefits based on her former employment with Kodak.

Defendants move for summary judgment against West claiming that there are no material issues of fact in dispute, and that as a matter of law, they are entitled to judgment in their favor. Plaintiff opposes defendants' motion, and cross-moves for summary judgment seeking a declaration that she is entitled to severance benefits based on her entire career with Kodak and NexPress. Finally, defendants move to strike portions of the plaintiff's affidavit submitted in support of her motion for summary judgment.

For the reasons set forth below, I deny without prejudice defendants' motion for summary judgment, deny plaintiff's motion for summary judgment, and deny as moot defendants' motion to strike.

BACKGROUND

Plaintiff Jennifer West began working for defendant Eastman Kodak Company in April of 1979. She worked continuously for Kodak until April 1998, at which time she left the company to work for Besco Graphics Systems Corp. ("Besco"). Besco is neither related to nor affiliated with either NexPress or Kodak. Approximately a year and a half later, in October, 1999, plaintiff was hired by

NexPress Solutions, Inc. At the time, NexPress was an independent company that was not affiliated with Kodak. In May, 2004, Kodak purchased NexPress, and it became a wholly-owned subsidiary of Kodak. Plaintiff worked at NexPress until September 2005, at which time her job was eliminated and she was laid off in connection with a company-wide downsizing.

NexPress maintained a severance benefit policy for the benefit of employees whose jobs were eliminated as part of any company-wide layoffs. Pursuant to the policy, as explained in the Summary Plan Description, affected employees were to receive a payment equivalent to two-weeks salary for every year they had been employed at NexPress or Kodak. Specifically, the plan provides in relevant part that the benefit allowance "is based on the number of full years of <u>continuous or adjusted service</u> that [an employee] ha[s] completed as of the last day worked." NexPress Severance Benefit Plan at p. 3 (Attached as Exhibit A to Defendants' Statement of Undisputed Facts)(emphasis added).

Following her layoff, West received 10 weeks of severance pay based on her five full years of employment with NexPress. West, however, claimed that she was owed severance benefits for her previous 19 full years of employment with Kodak, and submitted a claim for those benefits to the Plan Administrator for the Severance Benefits Plan. In her request for additional benefits, plaintiff raised only the issue of her previous employment with

Kodak, and did not raise any claim that she had been promised such benefits, that other similarly situated employees received such benefits, or that NexPress had engaged in some course of conduct that would suggest she was entitled to such benefits. By letter dated November 7, 2006, the Plan Administrator denied West's claim for additional benefits on grounds that because there had been a break in service between plaintiff's employment with Kodak and NexPress, she was not entitled to severance benefits for her employment with Kodak.

By letter dated January 3, 2006, West appealed the Plan Administrator's determination. In her January 3, 2006 letter, West alleged that the Plan Administrator had failed to correctly interpret the Plan with respect to her adjusted service, and that similarly situated employees had been granted the benefits she sought. By letter dated January 19, 2006, the Plan Administrator again found that the break in service of over one year between plaintiff's employment with Kodak and NexPress extinguished her right to severance pay based on her service to Kodak. Thereafter, plaintiff filed the instant case.

DISCUSSION

I.   The Parties' Motions for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

      II. Standard of Review.

Defendants argue that the decision of the Plan Administrator to deny plaintiff's benefits is entitled to substantial deference from the court, and may only be overturned if the determination is found to be arbitrary or capricious. Pursuant to ERISA, where the Administrator of a plan is vested with the sole, discretionary authority to: (1) interpret the plan; (2) determine coverage and eligibility; and, (3) construe ambiguous provisions of the plan, the Administrator's decision to grant or deny benefits is entitled to substantial deference, and in most cases, may only be overturned if the decision is arbitrary or capricious. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Whitney v. Empire Blue Cross and Blue Shield, 106 F.3d 475, 477 (2nd Cir. 1997);

Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251, 1255 (2nd Cir. 1996). Because in this case, the Plan Administrator is vested with the sole, discretionary authority to interpret the plan terms and determine benefit eligibility, I find that an arbitrary and capricious standard of review is appropriate.

### III. The Plan Administrator's interpretation of the Severance Plan was neither arbitrary nor capricious

The Plan Administrator for the NexPress Severance Plan determined that West was not entitled to severance benefits based on her employment with Kodak because there was a break in service between her employment with Kodak and NexPress, and therefore, she was not entitled to have her employment date adjusted to reflect her 19 years of employment with Kodak. To find that this decision was arbitrary and capricious, the court must find that it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Pagan v. Nynex Pension Plan, 52 F.3d 438, 442 (2nd Cir. 1995) (quoting Abnathya v. Hoffmann-LaRoche, Inc., 2 F.3d 40, 45 (3d Cir. 1993)). See also, Darling v. E.I. DuPont De Nemours & Company, 952 F.Supp. 162, 165 (W.D.N.Y. 1997) (Larimer, C.J.).

The Plan Administrator's determination in this case, however, was neither without reason, unsupported by substantial evidence, nor erroneous as a matter of law. As stated above, pursuant to the Severance Benefit Plan, beneficiaries of the plan were to receive the equivalent of two weeks salary for every full year of

continuous or adjusted service that the employee had completed as of the last day of their employment. The term "adjusted service" is not defined in the plan, and therefore, the Plan Administrator was required to define that term in determining whether or not plaintiff's prior employment with Kodak could be credited for purposes of determining her eligibility for severance benefits. In considering the issue, the Administrator determined that employees such as the plaintiff, who experienced a break in service between their employment with Kodak and NexPress were not entitled to have their service dates adjusted for purposes of calculating severance benefits, but that employees who did not incur a break in service were entitled to have their years of employment with Kodak be considered when determining severance benefits. Because the Plan Administrator's interpretation is reasonable, this Court, under an "arbitrary and capricious" standard of review, may not overturn the Plan Administrator's interpretation. See Jordan v. Retirement Committee of Rensselaer Polytechnic Institute, 46 F.3d 1264, 1271 (2nd Cir., 1995)("The court may not upset a reasonable interpretation by the administrator.")

    IV. Plaintiff is entitled to limited discovery on the issue of whether similarly situated employees were treated differently for purposes of benefit calculations.

Plaintiff contends that although she was denied severance benefits based on her years of service with Kodak, similarly situated employees did receive such benefits, and therefore the

Plan Administrator's decision to deny her benefits was arbitrary and capricious. Because plaintiff raised this issue in her administrative proceedings before the Plan Administrator, this claim may be considered by the Court. See Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2nd Cir. 1995)(courts limited to consideration of matters raised in the administrative record).

Evidence that a Plan Administrator treated similarly situated plan participants differently may be considered in determining whether or not an Administrator acted arbitrarily or capriciously. Hess v. Reg-Ellen Machine Tool Corp., 423 F.3d 653, 663-64 (7th Cir., 2005)(evidence of inconsistent interpretations may be considered in determining whether or not Administrator's decision is arbitrary and capricious); Vann v. National Rural Elec. Co-op. Association Retirement and Sec. 978 F.Supp. 1025, 1043 (M.D. Ala., 1997)(inconsistent application of plan provisions to similarly situated persons constitutes evidence that Administrator's decision was arbitrary and capricious); Sansevera v. E.I. DuPont de Nemours & Co., Inc., 859 F.Supp. 106, 115 (S.D.N.Y. 1994)(inconsistent application of plan terms constitutes basis for finding that determination denying benefits was arbitrary and capricious). DeAngelis v. Warner Lambert Co.,641 F.Supp. 467, 470 (S.D.N.Y., 1986)(citing cases). However, because the record does not at this stage reveal whether or not similarly situated employees received severance benefits in a manner inconsistent with the denial of

plaintiff's request for benefits, the Court is unable to determine the parties' motions for summary judgment. Accordingly, I deny the parties' motions for summary judgment without prejudice, and grant plaintiff's request to engage in discovery, limited to the issue of whether or not employees who had worked at Kodak and NexPress, but who had a break in service between their employment with Kodak and NexPress, were treated differently than the plaintiff in that they received benefits based on their combined employment histories with both companies. Because no such determination can be made on the state of this record, both the plaintiff and defendants' motions for summary judgment are denied without prejudice.

V.   Motion to Strike

Defendants move to strike portions of the plaintiff's reply affirmation in support of her motion for summary judgment and in opposition to defendants' motion for summary judgment on grounds that the information contained in those portions of her affirmation were not disclosed in her initial moving papers, and therefore defendants did not have an opportunity to address the issues raised by the plaintiff. Defendants seek to strike those portions of plaintiff's affirmation which purport to identify similarly situated employees who received benefits based on their employment history with Kodak.

Because the Court has not considered those portions of the plaintiff's affirmation to which defendants object in deciding the instant motions, I deny defendants' motion as moot.

CONCLUSION

For the reasons set forth above, I deny the parties' motions for summary judgment without prejudice, and grant plaintiff's request for discovery, subject to the limitation that discovery shall be limited to the issue of whether or not the defendants treated employees similarly situated to the plaintiff (i.e. those employees who initially worked for Kodak and NexPress but who had a break in service between their employment with those companies) differently with respect to the calculation of severance benefits. Defendants' motion to strike is denied as moot.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         February 11, 2008