```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER WEST,

                        Plaintiff,            06-CV-6433T

        v.                                    **DECISION
                                              and ORDER**
NEXPRESS SOLUTIONS, INC., EASTMAN KODAK
COMPANY, and NEXPRESS SOLUTIONS, INC.
SEVERANCE BENEFIT PLAN,

                        Defendants.
_____
```

## INTRODUCTION

Plaintiff Jennifer West ("West"), a former employee of defendants NexPress Solutions ("NexPress") and Eastman Kodak Company ("Kodak") brings this action pursuant to the Employee Retirement Income Security Act of 1974, ("ERISA"), claiming that the defendants have improperly denied her severance benefits. Specifically, plaintiff claims that upon the termination of her employment from NexPress, a wholly owned subsidiary of Kodak, she was not credited with 19 years of previous employment with Kodak, and instead, was paid benefits based on 5 years of employment with NexPress. While West received payment equivalent to two weeks of salary for every year of her employment with NexPress, she contends that she is entitled to an additional payment of 2 weeks salary for each of the 19 years she was employed by Kodak. The defendants contend that because plaintiff voluntarily left her employment with Kodak, and then, after a break in service, became employed at

NexPress, she was not entitled to severance benefits based on her prior employment with Kodak.

By Decision and Order dated February 11, 2008, in ruling on the parties' competing motions for summary judgment, I held that the plan administrator of the NexPress severance plan did not act arbitrarily or capriciously in determining that West was not entitled to severance benefits based on her years of service with Kodak. I further held, however, that there was a question of fact as to whether or not the plan administrator acted arbitrarily or capriciously by treating similarly situated employees differently. Specifically, I held that because "[e]vidence that a Plan Administrator treated similarly situated plan participants differently may be considered in determining whether or not an Administrator acted arbitrarily or capriciously", the plaintiff was entitled to discovery on the issue of whether or not similarly situated employees were treated differently than she was. See February 11, 2008 Decision and Order at p. 8. Accordingly, I held that plaintiff was entitled to discovery, "limited to the issue of whether or not employees who had worked at Kodak and NexPress, but who had a break in service between their employment with Kodak and NexPress, were treated differently than the plaintiff in that they received benefits based on their combined employment histories with both companies." Id. at p. 9.

The parties have completed discovery on that issue, and the defendants now move for summary judgment on grounds that the undisputed facts demonstrate that plaintiff was treated similarly to other employees with respect to the calculation and payment of her severance benefit. Plaintiff opposes defendants' motion and contends that issues of fact remain as to whether or not plaintiff was treated in the same manner as other employees who initially worked for Kodak, had a break in service, and then came back to work for Kodak (as opposed to NexPress). For the reasons set forth below, I grant defendants' motion for summary judgment, and dismiss plaintiff's complaint.

BACKGROUND

The facts of this case were set forth in my February 11, 2008 Decision and Order, and are summarized here. Plaintiff began working for defendant Eastman Kodak Company in April of 1979, and worked continuously for Kodak until April 1998, at which time she left the company. Approximately a year and a half later, in October, 1999, plaintiff was hired by NexPress Solutions, Inc. At the time, NexPress was an independent company that was not affiliated with Kodak. In May, 2004, however, Kodak purchased NexPress, and it became a wholly-owned subsidiary of Kodak. Plaintiff worked at NexPress until September 2005, at which time her job was eliminated and she was laid off in connection with a company-wide downsizing.

NexPress maintained a severance benefit policy for the benefit of employees whose jobs were eliminated as part of any company-wide layoffs.  Pursuant to the policy, as explained in the Summary Plan Description, affected employees were to receive a payment equivalent to two-weeks salary for every year they had been employed at NexPress or Kodak.  Specifically, the plan provides in relevant part that the benefit allowance  "is based on the number of full years of <u>continuous or adjusted service</u> that [an employee] ha[s] completed as of the last day worked."  NexPress Severance Benefit Plan at p. 3 (Attached as Exhibit A to Defendants' Statement of Undisputed Facts)(emphasis added).

Following her layoff, West received 10 weeks of severance pay based on her five full years of employment with NexPress.  West, however, claimed that she was owed severance benefits for her previous 19 full years of employment with Kodak, and submitted a claim for those benefits to the Plan Administrator for the Severance Benefits Plan. By letter dated November 7, 2006, the Plan Administrator denied West's claim for additional benefits on grounds that because there had been a break in service between plaintiff's employment with Kodak and NexPress, she was not entitled to severance benefits for her employment with Kodak.

By letter dated January 3, 2006, West appealed the Plan Administrator's determination.  In her January 3, 2006 letter, West alleged that the Plan Administrator had failed to correctly

interpret the Plan with respect to her adjusted service, and that similarly situated employees had been granted the benefits she sought. By letter dated January 19, 2006, the Plan Administrator again found that the break in service of over one year between plaintiff's employment with Kodak and NexPress extinguished her right to severance pay based on her prior period of service to Kodak. Thereafter, plaintiff filed the instant case.

DISCUSSION

In my February 11, 2008 Decision and Order, I held that the plan administrator for the severance benefit plan acted neither arbitrarily nor capriciously in determining that under the terms of the plan, plaintiff was not entitled to benefits based on her years of service with Kodak. I declined, however, to grant the defendants' motion for summary judgment because an issue of fact remained as to whether or not the plan administrator acted arbitrarily or capriciously by treating similarly situated plan members differently. To resolve this issue, I held that plaintiff was entitled to discovery on the issue of whether or not she was treated differently than other employees who had worked at Kodak, then had a break in service, and then worked at NexPress. Discovery has now been completed on that issue, and plaintiff concedes that with respect to the calculation and payment of her severance benefit, she was treated exactly the same as other employees who, like her, worked at Kodak, had a break in service,

and then became employed at NexPress. Accordingly, I find that the plan administrator of the severance benefit plan did not act arbitrarily or capriciously in denying plaintiff's request for severance benefits based on her years of service to Kodak. As a result, I grant defendants' motion for summary judgment, and dismiss plaintiff's complaint.

In opposing defendants' motion for summary judgment, the plaintiff contends that she needs additional discovery to determine whether or not she has been treated differently than any other employee of Kodak (as opposed to NexPress) with respect to the calculation of her severance benefit. Plaintiff's request for such discovery, however, was denied by Magistrate Judge Payson in a Decision and Order dated October 28, 2008. Plaintiff, who could have appealed Judge Payson's Decision and Order, declined to do so. Accordingly, I find the matter to be closed.

Moreover, the employees about which plaintiff seeks additional information are not similarly situated to the plaintiff, and therefore, information regarding their severance packages is inapposite to the issue of whether or not plaintiff was treated differently than similarly situated employees. It is uncontroverted that when plaintiff was hired by NexPress, Nexpress was an independent company, and had no corporate affiliation with Kodak. Accordingly, employees who left Kodak, had a break in service, but then came back to Kodak are not similarly situated to

the plaintiff, who left Kodak, had a break in service, became employed by NexPress, and then became employed by Kodak when Kodak purchased NexPress. Therefore, even if the non-similarly situated employees were treated differently than the plaintiff was treated, such evidence would not support a finding that the plan administrator treated similarly situated employees differently.

CONCLUSION

For the reasons set forth above, I grant the defendant's motion for summary judgment.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 9, 2009